UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIO-BEHAVIORAL CARE SOLUTIONS, INC.,
A Michigan limited liability company,

    Plaintiff/Counter-Defendant,

v.                                                                                                          Case No. 14-14123

DOCTORS BEHAVIORAL HOSPITAL, LLC.,
d/b/a Doctors Neuropsychiatric Hospital,                           HON. AVERN COHN
an Indiana limited liability company,

    Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (Doc. 12)
AND
DENYING DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO STRIKE (Doc. 32)[1]**

I.

This is a contract case. Plaintiff Bio-Behavioral Care Solutions, LLC is suing defendant Doctors Behavioral Hospital, LLC claiming that defendant breached a contract (Marketing Agreement) between the parties. In broad terms, plaintiff performs marketing services for hospitals which it says results in hospitals obtaining business relationships with long term care facilities that use the services offered by the hospitals. Defendant, a hospital in Indiana, was interested in building relationships with nursing homes and assisted care facilities in Western Michigan. In 2012, defendant and plaintiff entered in a Marketing Agreement under which plaintiff provided management and

---

[1]Although the Court originally scheduled these matters for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

consulting services to defendant.

Plaintiff says that it provided the required services under the Marketing Agreement anddefendant has refused to pay. The complaint (Doc. 1) is in four counts:

Count I - Account Stated
Count II - Breach of Contract
Count III - Unjust Enrichment/Quantum Meruit
Count IV - Promissory Estoppel

Defendant filed a one count counterclaim, stating that plaintiff breached the Marketing Agreement by failing to fulfill its obligations. (Doc. 3). Both sides seek money damages. As will be explained, discovery is ongoing.

Before the Court is plaintiff's motion for summary judgment (Doc. 12) claiming that there is no genuine issue of material fact that defendant has breached the Marketing Agreement, it seeks $195,000.00 in damages.[2]

Also before the Court is defendant's motion to strike portions of the affidavit testimony of two individuals or to compel answers to deposition questions (Doc. 32).

For the reasons that follow, plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE subject to plaintiff's right to renew it following the completion of discovery. Defendant's motion to strike is also DENIED WITHOUT PREJUDICE.

II.

Plaintiff's motion for summary judgment is premature. Indeed, shortly after plaintiff filed the motion, defendant filed a motion to defer consideration of the motion until discovery is completed. (Doc. 16). The motion is now MOOT due to defendant

---

[2]Plaintiff subsequently filed an offer of judgment in which it stipulates to the entry of a judgment in its favor in the amount of $130,000.00.

filing a response to the summary judgment motion (Doc. 34). However, in the response defendant argues, with supporting evidence, that there are genuine issues of material fact as to whether defendant has fulfilled its obligations under the Marketing Agreement. Defendant also argues that plaintiff, not defendant, materially breached the Marketing Agreement.

Additionally, plaintiff recently filed a motion to compel, in which it says that discovery requests sent to defendant <u>after it filed its motion for summary judgment</u> are relevant to plaintiff's claims for liability and damages. (Doc. 39). Defendant has yet to file a response to the motion.

Given that discovery has not been completed as evidenced by the outstanding discovery dispute, the Court will deny plaintiff's motion for summary judgment without prejudice.[3]

Regarding defendant's motion to strike, defendant says that portions of the affidavits of Frank Petros and Tony Mlejnek, upon which plaintiff relies upon in part in support of its motion for summary judgment, should be stricken because the "affidavit testimony is vague, conclusory, and unsupported by any specific facts." Defendant also asks that these individuals be compelled to provide, by deposition, "specific facts supporting their conclusory affidavit testimony prior to this Court's ruling of the pending motion for summary judgment." In response, plaintiff says that these individuals were deposed and were instructed by counsel not to provide the "names of key personal of

---

[3]The Court is constrained to says it is seems clear that the summary judgment papers raise a questions of fact as to which party performed its obligations under the Marketing Agreement.

3

facilities that had contracts with" the plaintiff on the grounds that the information is proprietary and can be obtained via "third-party interrogatories."  Plaintiff also says that defendant will use this information to contact "these facilities" and offer services in violation of the Marketing Agreement.  This motion is denied without prejudice.  The better course is for the parties to agree on a protective order pertaining to the information defendant seeks.

Finally, the parties would best serve their interests if they concentrated on moving the case forward to a resolution on the merits–whether by motion, trial, or settlement.  To date, the motion practice has only moved the case sideways.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2016  
   Detroit, Michigan