UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIO-BEHAVIORAL CARE SOLUTIONS, INC.,
A Michigan limited liability company,

    Plaintiff/Counter-Defendant,

v.     Case No. 14-14123

DOCTORS BEHAVIORAL HOSPITAL, LLC.,
d/b/a Doctors Neuropsychiatric Hospital,     HON. AVERN COHN
an Indiana limited liability company,

    Defendant/Counter-Plaintiff.
_____/

### MEMORANDUM AND ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL (Doc. 39)[1]

I.

This is a contract case. Plaintiff Bio-Behavioral Care Solutions, LLC is suing defendant Doctors Behavioral Hospital, LLC claiming that defendant breached a contract (Marketing Agreement) between the parties, it seeks $195,000 in damages.[2] In broad terms, plaintiff performs marketing services for hospitals which it says results in hospitals obtaining business relationships with long term care facilities that use the services offered by the hospitals. Defendant, a hospital in Indiana, was interested in building relationships with nursing homes and assisted care facilities in Western Michigan. In 2012, defendant and plaintiff entered into a Marketing Agreement in which

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiff subsequently filed an offer of judgment in the amount of $130,000.

plaintiff agreed to provide management and consulting services to defendant.

Plaintiff says that it provided services under the Marketing Agreement and defendant has refused to pay. The complaint (Doc. 1) is in four counts:

  Count I - Account Stated
  Count II - Breach of Contract
  Count III - Unjust Enrichment/Quantum Meruit
  Count IV - Promissory Estoppel

Defendant filed a one count counterclaim, stating that plaintiff breached the Marketing Agreement by failing to fulfill its obligations. (Doc. 3). Both sides seek money damages.

Before the Court is plaintiff's motion to compel. For the reasons that follow, the motion will be granted and plaintiff will be awarded its attorney fees and expenses associated with the motion.

## II.

### A.

Shortly after the complaint was filed, plaintiff filed a motion for summary judgment (Doc. 12) claiming that there is no genuine issue of material fact that defendant has breached the Marketing Agreement.

Thereafter, defendant filed a motion to strike portions of the affidavit testimony of two individuals or to compel answers to deposition questions (Doc. 32).

After briefing on the motion, plaintiff filed the instant motion to compel, contending that discovery requests sent to defendant after it filed its motion for

summary judgment are relevant to its claims for liability and damages. (Doc. 39).[3]

In light of the fact that discovery was not complete, the Court denied plaintiff's motion for summary judgment and defendant's motion to strike without prejudice. The Court also observed that based on the summary judgment papers, there appeared to be factual disputes. (Doc. 40).

B.

Plaintiff's case is supported in part on a document obtained during discovery from defendant entitled "Doctors Behavioral Hospital, LLC A/P Aging Detail." A/P is presumed to mean "account payable." This document appears to show that as of December 17, 2012, defendant owed plaintiff $105,000.

III.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. Lewis v. ACB Bus. Servs., 135 F.3d 389, 402 (6th Cir.1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 33 allows a party to serve requests for production of documents on an opposing party. Fed. R. Civ. P. 33. A party receiving these types of discovery requests has 30

---

[3]The Court held a telephone conference with the parties prior to plaintiff filing the motion. At the conference, the Court stated that if the parties could not resolve the matter themselves, plaintiff could file a motion to compel.

days to respond with answers or objections. If the receiving party fails to respond, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(A)(5)(a).

IV.

In its opening brief, plaintiff says that defendant failed to fully respond to plaintiff's request for production (RFP) of documents dated June 30, 2016. Specifically, the RFP asked for:

1. Ledgers, spreadsheets, or other writings showing accounts payable by defendant for years 2012-2015, with redaction of names other than plaintiffs

2. Copies of tax returns for the same years, and work papers showing reconciliation between the amounts shown on the Accounts Payable Ledger and the related deductions and liabilities on the tax returns.

3. Spreadsheets, charts or other documents showing referral from facilities located in Michigan from 2012-2015.

4. Copies of personnel files of Anthony Bunin and Dr. Richard Vaughn. They were formerly employed by plaintiff and performed marketing services under the Marketing Agreement. Defendant subsequently hired them without notifying plaintiff.

Since the filing of the motion, defendant has agreed to produce item 3 (spreadsheets) and item 4 (personnel files). However, it is not clear whether they have in fact been produced.

Defendant refuses to produce item 1 (ledgers, spreadsheets, documents or other writings showing accounts payable) and item 2 (tax returns) on the grounds that the information is irrelevant and not likely to lead to the discovery of admissible evidence. In other words, defendant says that the information is nothing but a "fishing expedition."

Plaintiff contends that the information sought is relevant, explaining:

> On June 29, 2016, Plaintiff's counsel took the deposition testimony of Kimberly Pendzinski, Chief Financial Officer of Defendant Doctors Hospital. During her deposition Ms. Pendzinski explained that typically amounts shown on Defendant's Accounts Payable Ledger are transferred as a deduction on Defendant's tax return.

(Doc. 39 at p. 3)

Thus, plaintiff contends that the documents may show that defendant took a deduction for amounts it owed to plaintiff but is refusing to pay.

Plaintiff's position is well-taken. Pendzinski testified at deposition generally that amounts shown on the accounts payable ledger are transferred to the tax returns:

Q. So when I get the ledger, can I tell from the entry on the ledger?

A. There will be nothing on the A/P ledger that will indicate what we think we actually may owe to something.

Q. Okay. And those entries, whether it be potential or actual, they get transferred to the tax return; correct?

A. Yeah. By way of the business making money or losing money , it will be on a tax return. That's just the nature of -- I don't understand the relevance. What is the relevance to that?

Q. I ask the questions. Do you know if Doctors Hospital is an accrual basis

taxpayer or a cash basis taxpayer?

A. I do not.

Q. But you're the CFO; correct?

A. Yeah.

Q. And you don't know that?

A. I believe they are accrual.

Q. So on the tax return, would you have deducted all of these expenses on the tax return?

MR. DELK: It calls for speculation. THE WITNESS :

A. I don't handle the tax returns for the hospital. MR. DAVIS:

Q. Who does?

A. Bernie Hebert.

Q. But you're a CPA?

A. I am.

Q. All right. **So if you have accounts payables, they get to be a deduction on the return; correct?**

**A. They do. And if you recoup in another year, they become other income.**

**Q. Correct. So there's every reason to believe that if the accounts payable showed an amount payable to BCS, it would have been deducted on the tax returns?**

(Doc. 42 at p. 3-4) (emphasis added).

Based on Pendzinski's testimony, plaintiff's discovery requests in items 1 and 2 are reasonable and likely to lead to relevant and admissible evidence, i.e. the documents may show that defendant took deductions for amounts allegedly owed to

plaintiff.

V.

Accordingly, plaintiff's motion to compel is GRANTED. Defendant shall produce the requested discovery within twenty (20) days. As to the tax returns, defendant may redact portions that are irrelevant to the request.

Plaintiff also asks for attorney fees in expenses associated with brining this motion. Because defendant's position in opposing the discovery was not substantially justified, the request is GRANTED. Plaintiff shall separately submit a breakdown of attorney fees and expenses associated with this motion. See Fed. R. Civ. P. 37.

SO ORDERED.

S/Avern Cohn<br>
 AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016
       Detroit, Michigan