UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BIO-BEHAVIORAL CARE SOLUTIONS, LLC,

    Plaintiff,

vs.                                                       Case No. 14-14123

DOCTORS BEHAVIORAL HOSPITAL, LLC,        HON. AVERN COHN
d/b/a/ Doctors Neuropsychiatric Hospital,
an Indiana Limited Liability Company,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION FOR CONTEMPT (Doc. 45)[1]

### I. Introduction

This is a contract case. It has moved sideways rather than forward. Plaintiff Bio-Behavioral Care Solutions, LLC is suing defendant Doctors Behavioral Hospital, LLC claiming that defendant breached a contract (Marketing Agreement) between the parties in which plaintiff provided management and consulting services to defendant.

Plaintiff says that it provided the required services under the Marketing Agreement and defendant has refused to pay. The complaint (Doc. 1) is in four counts:

    Count I - Account Stated
    Count II - Breach of Contract
    Count III - Unjust Enrichment/Quantum Meruit
    Count IV - Promissory Estoppel

Defendant filed a one count counterclaim, stating that plaintiff breached the Marketing

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Agreement by failing to fulfill its obligations. (Doc. 3). Both sides seek money damages.

Before the Court is plaintiff's motion for contempt on the grounds that defendant has failed to comply with Court ordered discovery. For the reasons that follow, the motion will be denied.

## II. Background

Shortly after the complaint was filed, plaintiff filed a motion for summary judgment (Doc. 12) claiming that there is no genuine issue of material fact that defendant has breached the Marketing Agreement and owes plaintiff $195,000.00 in damages.[2] In response, defendant filed a motion to strike portions of the affidavit testimony of two individuals or to compel answers to deposition questions (Doc. 32).[3]

Plaintiff then filed a filed a motion to compel, contending that discovery requests sent to defendant after it filed its motion for summary judgment are relevant to plaintiff's claims for liability and damages. (Doc. 39).[4] The motion to compel sought several documents in response to plaintiff's June 30, 2016 discovery request. The Court granted the motion and directed defendant to produce the following:

---

[2] Plaintiff subsequently filed an offer of judgment in which it stipulates to the entry of a judgment in its favor in the amount of $130,000.00.

[3] In light of the fact that discovery was not complete, the Court denied plaintiff's motion for summary judgment and defendant's motion to strike without prejudice. The Court also observed that based on the summary judgment papers, there appeared to be factual disputes. (Doc. 40).

[4] The Court held a telephone conference with the parties prior to plaintiff filing the motion. At the conference, the Court stated that if the parties could not resolve the matter within seven (7) days, plaintiff could file a motion to compel.

1. Ledgers, spreadsheets, or other writings showing accounts payable by defendant for years 2012-2015, with redaction of names other than plaintiffs
2. Copies of tax returns for the same years, and work papers showing reconciliation between the amounts shown on the Accounts Payable Ledger and the related deductions and liabilities on the tax returns.

The Court also found that defendant's position in refusing to produce the requested relevant discovery was not substantially justified and therefore granted plaintiff's request for attorney fees and costs in bringing the motion to compel. (Doc. 43).

To date, plaintiff says that defendant has not produced the ordered discovery. Specifically, plaintiff says that after the Court's October 28, 2016 order granting its motion to compel, on December 6, 2016 defendant produced tax returns of **Doctors Development Company, LLC**, a different company than the named defendant-**Doctors Behavioral Hospital, LLC**–for tax years ending 2013, 2014, and 2015. Plaintiff also says that defendant failed to produce any documents showing the reconciliation between the amounts shown owed to plaintiff on defendant's Accounts Payable Ledgers and deductions taken on defendant's federal tax returns.

After receiving the responses to the discovery, counsel for plaintiff advised counsel for defendant that tax returns for the named defendant were not produced. In response, counsel for defendant explained that Doctors Development Company, LLC owned Defendant Doctors Behavioral Hospital, LLC and that no tax returns had to be

filed by the named defendant.

Plaintiff's counsel, disputing defendant's contention, wrote to counsel for defendant pointing out the deficiencies in the produced documents. The December 14 letter also noted that in response to questions regarding other entities owned by Doctors Development Company, LLC, the named defendant Doctors Behavioral Hospital, LLC was not listed. Plaintiff's counsel found this curious, to say the least:

> ...on each of the returns filed by Doctors Development Company, LLC, Schedule B, question 4, Page 2 of Form 1065 asks the following question:
>> At the end of the tax year, did the partnership . . . b. Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust?
>
> The response to this question was checked "No" on the 2014 and 2015 returns indicating that Doctors Development Company did not own any interest in another partnership such as the named defendant Doctors Behavioral Hospital, LLC. On the 2013 return the response was "Yes" and referred to Statement 4. Statement 4 identified Doctors Hospital - Grand Forks, LLC as being 100% owned by Doctors Development.
>
> Thus, I suggest that there must be separate returns for Doctors Behavioral Hospital, LLC, the Defendant in the Michigan action which you have not produced.

In response, defendant's counsel explained that the named defendant was owned by Doctors Development Company LLC and the tax returns produced were the tax returns for the named defendant. Plaintiff was unhappy with this answer.

On January 3, 2017, a conference call was held between the parties and the Court during which counsel for plaintiff explained the deficiencies of defendant in complying with the Court's discovery order. At the conclusion of the conference, the Court advised that if plaintiff believed defendant had not complied with the Court's

4

order, it could file a motion for contempt without seeking further permission from the Court.

On January 17, counsel for defendant sent an e-mail attempting to explain the responses on the tax returns. In an attempt to resolve the issue, on January 18, 2017, counsel for plaintiff suggested that defendant agree to the following statement:

> With respect to the Accounts Payable Ledgers produced by Defendant Doctors Behavioral Hospital, LLC, which show amounts owed by Defendant to Plaintiff Bio-Behavioral Care Solutions, LLC, as follows:
> Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2013 - $105,000.00
> Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2014 - $167,580.65
> Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2015 - $167,580.65
> These amounts shown were taken as deductions or expenses on the tax returns of Defendant Doctors Behavioral Hospital, LLC, during the applicable years 2013, 2014, and 2015, as reflected a liability on such tax returns, and to date, have not been recouped as income. Such returns were filed by Defendant and signed by Dr. Cameron Gilbert as the representative of Defendant.

On April 15, 2017, counsel for defendant advised that it would not agree to plaintiff's suggested language and offered very slightly different language - changes noted in bold below:

> "With respect to the Accounts Payable Ledgers produced by Defendant Doctors Behavioral Hospital, LLC, which show amounts **that are claimed to be** owed by Defendant to Plaintiff Bio-Behavioral Care Solutions, LLC, as follows:
> Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2013 - $105,000.00
> Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2014 - $167,580.65
> Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2015 - $167,580.65
> These amounts shown were taken as deductions or expenses on the tax returns of Defendant Doctors Behavioral Hospital, LLC, during the applicable years 2013, 2014, and 2015, as reflected **an expense** ~~liability~~ on such tax returns, and to date, have not been recouped as income. Such returns were filed by Defendant and signed by Dr. Cameron Gilbert as the representative of Defendant."

Plaintiff, still dissatisfied with defendant's response and the documents it produced, filed the instant motion.

## III. Legal Standard

Rule 37(a) of the Federal Rules of Civil Procedure allows a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the motion to compel is granted, the court may impose sanctions, including attorney's fees and costs. Fed. R. Civ. P. 37(a)(5).

If a party fails to comply with a court's order, then the moving party may file a motion under Rule 37(b)(2) for more severe sanctions. Rule 37(b)(2)(A) Rule 37(b)(2) provides in relevant part:

> (2) Sanctions Sought in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> ...

Rule 37(b)(2)(C) provides that the disobedient part must pay reasonable expenses:

> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

## IV. Analysis

A.

Plaintiff says that defendant has not complied with the Court's order granting its motion to compel because it has not provided the tax returns and account ledgers. Plaintiff asks that the Court order the statement proposed to but rejected by defendant to be binding on defendant. In addition, plaintiffs asks for the mandatory imposition of costs, including reasonable attorney fees, for its efforts in securing compliance with the Court's order.

In response, defendant maintains that it has repeatedly told plaintiff that the tax returns it provided are the tax returns for defendant even though they bear a different name. Defendant also says it provided the accounts payable ledgers. It also says that there are no "reconciliation papers" or any other documents beyond the accounts payable ledgers that are used in relation to the preparation of tax returns for defendant. In short, defendant denies that it is in violation of the Court's order. Finally, defendant notes that it agreed to stipulate to a statement which differs very slightly from plaintiff's proposed statement. Defendant notes that it only added the words "that are claimed to be owed" rather than "owed" and changed "liability" to "expenses."

In reply, plaintiff attacks the affidavit of Kimberly Pednzinski, defendant's Senior Accountant, Assistant Director of Accounting, Interim Chief Financial Officer in which she states she had involvement in the preparation of defendant's tax returns along with Jeff Mahoney. Plaintiff says her affidavit materially conflicts with her deposition testimony in which she said she did not "manage" the tax returns and indicated Jeff Mahoney was the one responsible for the returns. Plaintiff also again takes issue with defendant's explanation for the tax returns, contending that they were not properly filed

as they did not identify the named defendant and therefore the tax returns have not been produced. Plaintiff also says that "reconciliation papers should exist showing how amounts shown as payable expenses/deductions on defendant's tax returns were computed."

B.

This is not a situation where a party has failed to comply with a Court order and should be held in contempt. Rather, it is a situation where a party furnished responsive discovery as ordered but plaintiff did not like the discovery it received, i.e. it wished it looked different or that there was more. It is clear that defendant produced tax returns and account ledgers. While plaintiff believes that the tax returns are deficient or misleading, the defendant has repeatedly stated that is all the tax returns it has for defendant. Plaintiff does not dispute that the accounts payable ledgers were produced but says there "should" also be "reconciliation papers." Regardless of whether there should or should not be reconciliation papers, defendant says there are none. One cannot produce what it does not have. Defendant has complied with the Court's order.[5]

Fortunately, there is a solution to this discovery dispute - the parties' proffered statements. In comparing the two nearly identical statements, plaintiff's statement proves to much - it reads that the amounts shown on the ledges are "owed" where liability has not yet been established. Defendant's version is a more accurate statement as to the discovery produced and what it means at this stage of the case.

V. Conclusion

---

[5] The Court declines to address plaintiff's argument that Pednzinski's affidavit and deposition testimony are in conflict as it does nothing to resolve the discovery issue.

For the reasons stated above, plaintiff's motion for contempt is DENIED.

As to the subject of the discovery dispute, the following statement is binding on the parties:

> With respect to the Accounts Payable Ledgers produced by Defendant Doctors Behavioral Hospital, LLC, which show amounts that are claimed to be owed by Defendant to Plaintiff Bio-Behavioral Care Solutions, LLC, as follows:
> > Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2013 - $105,000.00
> > Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2014 - $167,580.65
> > Doctors Behavioral Hospital, LLC, A/P Aging Summary as of 12/31/2015 - $167,580.65
>
> These amounts shown were taken as deductions or expenses on the tax returns of Defendant Doctors Behavioral Hospital, LLC, during the applicable years 2013, 2014, and 2015, as reflected an expense on such tax returns, and to date, have not been recouped as income. Such returns were filed by Defendant and signed by Dr. Cameron Gilbert as the representative of Defendant.

Hopefully, the parties will now move the case forward.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: June 8, 2017
    Detroit, Michigan